SORAYA ORIENTAL RUGS, Plaintiff,

v.

SEATRAIN LINES, CALIFORNIA, Seatrain International S.A.; Seatrain GmbH; Max Gruenhut International, Inc.; Militzer & Munch GmbH Internationale Spedition; Southern Pacific Transportation Co.; Perse Transport Bar International Forwarding Co.; and Max Grunhut GmbH & Co., Defendants.

No. C76–1385 WTB.

United States District Court,
N. D. California.

July 6, 1977.

Lester Clark, Graham & James, San Francisco, Cal., for plaintiff.

Eugene H. Bramhall, Thomas Nolan, Ferenz, Bramhall, Paul, Nolan & Gruskin, Oakland, Cal., for defendants Seatrain Lines, California and Seatrain International S.A. and Seatrain GmbH.

James Ratcliff, Jr., Thatcher, Jones, Casey & Ratcliff, San Francisco, Cal., for third-party plaintiffs Max Grunhut GmbH and Max Greunhut International, Inc.

John F. Meadows, Meadows, Finan & Dorris, San Francisco, Cal., for third-party plaintiffs Militzer & Munch GmbH Internationale Spedition.

Stanley L. Gibson, Marilyn Raia, Derby, Cook, Quinby & Tweedt, San Francisco, Cal., for third-party defendants Shippers Terminal Co. of San Francisco.

W. A. Gregory, Frederick E. Fuhrman, San Francisco, Cal., for Southern Pacific Transportation Co., third-party defendants.

ORDER GRANTING SUMMARY JUDGMENT

BEEKS, Senior District Judge, Western District of Washington, sitting by designation.

Defendant Southern Pacific Transportation Company ("S.P.") moves for summary judgment herein. S.P. advances several independent theories in support of its motion, but only one need be considered. Plaintiff Soraya Oriental Rugs ("Soraya")

has not met its initial prima facie burden of proof that the shipment of oriental rugs here at issue was delivered to Penn Central Railroad Company (which issued the bill of lading under which S.P. transported the rugs) in good order and condition. The shipment was containerized in Germany at which time the container into which the rugs were loaded was closed and sealed in preparation for transoceanic carriage. S.P. (as well as the other domestic rail carriers involved) transported the sealed container pursuant to a domestic bill of lading issued by Penn Central Railroad which noted no faults or exceptions concerning the condition of the shipment. Such a clean bill of lading, however, only serves as prima facie evidence that "as far as the condition was apparent on ordinary inspection the goods were in good condition." *Yeckes-Eichenbaum, Inc. v. Texas Mexican Ry. Co.*, 263 F.2d 791, 793 (5th Cir. 1959); *see Blue Bird Food Products Co. v. Baltimore & Ohio R. Co.*, 474 F.2d 102 (3d Cir. 1973). Ordinary inspection of a sealed container discloses nothing about the condition of its contents unless external container damage is present. Soraya offers no proof of external container damage. Consequently, the clean bill of lading is of no assistance to Soraya in establishing prima facie good order and condition of the shipment upon receipt by S.P. for rail transportation. In the absence of other proof regarding the condition of the rugs when so delivered, summary judgment must be granted.

It is so ordered with costs to S.P.